# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ADRIAN FULLER et al, <br><br>Plaintiffs, <br><br>v. <br><br>GAVIN NEWSOM et al., <br><br>Defendants. | Case No. 2:21-cv-07946-SVW (MAA) <br><br>**ORDER OF DISMISSAL** |

## I.   SUMMARY OF PROCEEDINGS

On October 4, 2021, Plaintiffs Kenneth Fuller, Layn Allen Banks, Brian Victor Andres, Axel Garcia, Pierce R. Baylor, Manuel Taylor Resendiz, Trevyn Lamison, and Anthony Stevens (each, a "Plaintiff," and collectively, "Plaintiffs"), proceeding *pro se*, filed a Complaint alleging violations of their civil rights. (Compl., ECF No. 1.)  Plaintiff Fuller paid the $402 filing fee on October 28, 2021. (ECF No. 5.)

On November 11, 2021, the Court issued a Case Management Order ("CMO"), which, *inter alia*, warned Plaintiffs that, pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and Complaint had to be made on all Defendants within ninety days of filing the Complaint.  (CMO 2, ECF No. 7.)

On November 15 and December 1, 2021, the Court received undeliverable returned mail from Plaintiff Resendiz. (ECF Nos. 8–10.) On January 5, 2022, the Court received undeliverable returned mail from Plaintiff Lamison. (ECF No. 11.)

On January 19, 2022, the Court ordered Plaintiffs to show cause no later than February 18, 2022 why the action should not be dismissed for failure to comply with Rule 4(m) ("OSC-1"). (OSC-1, ECF No. 12.) On February 23, 2022, Plaintiff Fuller filed a Response to OSC-1 ("Response"). (Resp., ECF No. 13.)

In light of Plaintiff Fuller's Response, it came to the Court's attention that Plaintiff Fuller was incarcerated. On March 3, 2022, the Court issued an Order stating that: the claims in the Complaint did not concern prison conditions and *pro se* plaintiffs could not bring claims on behalf of other individuals; district courts within the Ninth Circuit did not allow multiple inmate *pro se* plaintiffs—or inmate *pro se* plaintiffs with nonincarcerated *pro se* plaintiffs—to bring a single lawsuit due to the procedural problems that cause delay and confusion; to the extent the Plaintiffs wished to sever their own claims into separate lawsuits, each lawsuit would require a separate $402 filing fee or approval to proceed *in forma pauperis*; and the Court is statutorily-required to conduct a preliminary screening of any civil action brought by a prisoner or in which a plaintiff proceeds *in forma pauperis* ("Order" 1–2, ECF No. 14.) The Court struck the CMO and OSC from the docket and ordered each Plaintiff to, no later than **April 4, 2022**: (a) advise the Court that he or she would proceed with this lawsuit; (b) file a Notice of Dismissal; or (c) advise the Court that he or she wished to sever his or her claims into a separate lawsuit. (*Id*. at 2–3.) The Court advised that the $402 filing fee would remain with this lawsuit, and if a Plaintiff chose to sever his or her claims, each separate action would require a separate $402 filing fee or the Court's approval to proceed *in forma pauperis*. (*Id*. at 3.) The Court warned that "**[f]ailure to notify the Court of how each Plaintiff would like to proceed w[ould] result in a recommendation that his or her claims be dismissed.**" (*Id*.) The Court also "**cautioned that failure to**

2

1  **respond to this order may result in a recommendation that the lawsuit be**
2  **dismissed without prejudice for failure to prosecute and/or failure to comply**
3  **with a court order pursuant to Federal Rule of Civil Procedure 41(b).** *See* **C.D.**
4  **Cal. L.R. 41-1**." (*Id.*)

5      On March 22, 2022, the Order addressed to Plaintiff Fuller was returned to
6  the Court as undeliverable. (ECF No. 15.) On April 8, 022, the Order addressed to
7  Plaintiff Lamison was returned to the Court as undeliverable. (ECF No. 16.)

8      On April 19, 2022, in the absence of a response to the Order, the Court issued
9  an Order to Show Cause ("OSC-2"), ordering Plaintiffs to show cause by **May 19,**
10 **2022** why the Court should not recommend that the lawsuit be dismissed for failure
11 to comply with a court order. (OSC-2, ECF No. 17.) The OSC-2 stated that if
12 every Plaintiff filed a response to the Order on or before that date, the OSC-2 would
13 be discharged; and if some but not all of the Plaintiffs responded, the OSC-2 would
14 be discharged as to such responding Plaintiffs but not against the non-responding
15 Plaintiffs. (*Id.*) The OSC-2 "**cautioned that failure to respond to this order may**
16 **result in a recommendation that the lawsuit be dismissed without prejudice for**
17 **failure to prosecute and/or failure to comply with a court order pursuant to**
18 **Federal Rule of Civil Procedure 41(b).** *See* **C.D. Cal. L.R. 41-1**." (*Id.*)

19     To date, no Plaintiff has responded to either the Order or OSC-2, and
20 Plaintiffs Fuller, Resendiz, and Lamison have not updated their addresses with the
21 Court. Indeed, Plaintiff Fuller has not communicated with the Court since February
22 23, 2022, and the other Plaintiffs have not communicated with the Court since filing
23 the Complaint on October 4, 2021.

24

25 **II.    LEGAL STANDARD**
26     Central District of California Local Rule 41-6 states:
27 > A party proceeding *pro se* must keep the Court and all
28 > other parties informed of the party's current address as

> well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

C.D. Cal. L.R. 41-6.

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of

dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id.*

## III. ANALYSIS

### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Plaintiffs have failed to respond to the Order or OSC-2; Plaintiffs Fuller, Resendiz, and Lamison have not updated their addresses with the Court; Plaintiff Fuller has not participated in this lawsuit since February 23, 2022; and the other Plaintiffs have not participated in this lawsuit since October 4, 2021. The Court concludes that Plaintiffs' inaction and lack of communication with the Court constitute willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Plaintiffs' noncompliance also interferes with the

---

[1] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

5

public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B. Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131.

Plaintiffs have refused to respond to the Order and OSC-2 without explanation. As Plaintiffs Fuller, Resendiz, and Lamison have not updated their addresses with the Court, the Court cannot ascertain their reason for failing to prosecute this lawsuit or comply with Court orders. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") As "a presumption of prejudice arises from the plaintiff's unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court twice warned Plaintiffs that failure to respond to the Order would result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). (Order; OSC-2.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The Court also extended Plaintiffs' deadline to respond to the Order from April 4, 2022 to May 19, 2022. (OSC-2.) *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court's allowance of an additional thirty days for plaintiff to file an amended complaint was an attempt at a less drastic sanction). As Plaintiffs Fuller, Resendiz, and Lamison have not provided their updated addresses to the Court, and it has been over eight months since the other Plaintiffs have communicated with the Court, no alternatives to dismissal currently are available. *See Carey*, 856 F.2d at 1441 (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move

toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Plaintiffs' failures to respond to the Order or OSC-2, or update their addresses with the Court. Still, the public policy favoring the resolution of disputes on the merits is strong and, under the circumstances, outweighs Plaintiffs' noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Plaintiffs' failures to respond to the Order or OSC-2; the failure of Plaintiffs Fuller, Resendiz, and Lamison to update their addresses with the Court; Plaintiff Fuller's lack of communication with the Court since February 23, 2022; and the other Plaintiffs' failures to participate in the lawsuit since October 4, 2021 constitute willful unreasonable delay. Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). The Court concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

///
///
///
///
///

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice. No further filings shall be accepted under this case number.

DATED: June 15, 2022

*Stephen V. Wilson*
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

*Maria A. Audero*
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE